Nora Elena PULIDO–BAQUERO;
Diego Fernando Moreno–
Pulido, Petitioners,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–72418.

Agency Nos. A79–084–551, A78–412–023.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

John Ayala, Esq., Alma Cobos–Ayala, Law Offices of Cobos & Ayala, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Paul Fiorino, U.S. Department of Justice, Washington, DC, Richard N. Cox, United States Attorney's Office, Urbana, IL, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM**

Nora Elena Pulido–Baquero, and Diego Fernando Moreno–Pulido, mother and son, both natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001), and we deny the petition for review.

The record supports the IJ's finding that petitioners received death threats because Moreno witnessed a murder committed by guerillas. That petitioners became involved with human rights organizations after the threats began, does not compel a finding that petitioners were threatened, even in part, on account of political opinion or membership in a particular social group.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Ochave,* 254 F.3d at 865–66 (upholding agency determination that petitioner failed to establish she was victimized because guerillas imputed a political opinion to her); *Tecun–Florian v. INS,* 207 F.3d 1107, 1109–10 (9th Cir.2000) (upholding agency determination that guerillas kidnapped and abused petitioner solely in retribution for refusing to join their group, and not because of his political or religious beliefs). We do not consider petitioners' argument that individuals who witness murders committed by terrorists constitute a social group, because petitioners did not raise this argument before the BIA. *See Zara v. Ashcroft,* 383 F.3d 927, 931 (9th Cir.2004) (the exhaustion requirement applies to "streamlined" cases).

Accordingly, substantial evidence supports the IJ's determination that petitioners did not suffer past persecution, and do not have a well-founded fear of future persecution, on account of a protected ground. *See Prasad v. INS,* 47 F.3d 336, 340 (9th Cir.1995).

Because petitioners failed to prove eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Al–Harbi v. INS,* 242 F.3d 882, 888–89 (9th Cir.2001).

Petitioners also failed to establish eligibility for CAT relief because they did not show it was more likely than not that they would be tortured by authorities or individuals acting in an official capacity if returned to Colombia. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001); 8 C.F.R. § 208.16(c)(2).

The voluntary departure period was stayed, and that stay will expire upon issu-

ance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.